IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. RANKIN, JR.,  :
        Petitioner  :
          :
   v.  :  CIVIL NO. 3:CV-09-2062
          :
JAMES J. McGRADY,  :  (Judge Conaboy)
          :
        Respondent  :

## MEMORANDUMAND AND ORDER
### Background

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Thomas R. Rankin, Jr., an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat). Service of the petition was previously ordered.

Petitioner was arrested on October 6, 2007 and charged with criminal attempt to commit possession of cocaine with intent to deliver as well as criminal attempt to possess marijuana with intent to deliver. According to Petitioner, the affidavit of probable cause relating to his arrest listed the amount of marijuana as being 2.5 *ounces*. However, evidence presented by the Commonwealth at trial indicated that the amount of marijuana was actually 2.5 *pounds*.[1] Prior to trial, Petitioner's counsel

---

[1] The weight difference is significant as the lesser amount would not necessarily support a finding of intent to deliver but rather would support a determination that the substance was for personal use.

1

filed a motion in limine asserting that the Commonwealth had not produced discovery and as a result, testimony should be limited to the information set forth in the affidavit of probable cause. The trial court denied that motion.

On May 9, 2007, Petitioner was convicted of criminal attempt to possess marijuana with intent to deliver following a jury trial in the York County Court of Common Pleas.[2] Rankin was sentenced on June 27, 2007 to an eighteen (18) to thirty-six (36) month term of incarceration. His conviction and sentence were affirmed on direct appeal by the Pennsylvania Superior Court. See Commonwealth v. Rankin, 959 A.2d 972 (Pa. Super. 2008). Petitioner did not seek further review by the Pennsylvania Supreme Court.

A petition by Rankin pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) was denied by the Court of Common Pleas on September 29, 2008.[3] The Superior Court affirmed that determination by decision dated September 11, 2009.

In his pending action, Rankin claims entitlement to federal habeas corpus relief on the grounds that trial counsel provided ineffective assistance by not objecting (or seeking a

---

[2] Petitioner was acquitted of criminal attempt to commit possession of cocaine with intent to deliver.

[3] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

mistrial) to the introduction of evidence at trial as to the weight of the marijuana being 2.5 pounds. Petitioner adds that due to said failure counsel failed to preserve that issue (and a related argument relating to the denial of the motion in limine) for appeal.[4] Rankin further asserts that counsel was deficient for failing to either object to, cross examine, or otherwise impeach trial testimony by Officer Larry Lawrence of the York Police Department which was given after he "removed from his person a piece of 'Blue paper.'"[5] Doc. 2, p. 6. Petitioner claims that this testimony should have been precluded because the "Blue Paper" contained information which was not provided during discovery. In a related claim, Petitioner contends that prosecutorial misconduct occurred in that the Commonwealth permitted introduction of a perjured statement by Officer Lawrence.[6]

Respondent requests that the petition be denied since Rankin failed to exhaust his available state court remedies regarding some of his present claims and alternatively because

---

[4] The gist of Petitioner's argument is that the introduction of evidence that the amount of marijuana at issue was 2.5 pounds precluded him from pursuing a defense that the marijuana was for personal use.

[5] Petitioner asserts that while testifying, Officer Lawrence pulled a blue paper from his shirt pocket which contained handwritten notes to aid his testimony. It is alleged that this so called Blue Paper was not produced by the Commonwealth during discovery.

[6] According to Rankin, Officer Lawrence falsely testified that he had shown the Blue Paper to defense counsel prior to giving his testimony.

Petitioner has not established that the challenged state court decisions were contrary to clearly established federal law.

## Discussion

### Exhaustion

As discussed above, Petitioner raises four arguments before this Court: (1) failure of trial counsel to object or seek a mistrial regarding evidence that the weight of the marijuana was 2.5 pounds; (2) trial counsel failed to preserve the denial of the motion in limine and the related introduction of the marijuana weight evidence issues for appeal; (3) failure of trial counsel to object to or impeach testimony given by Officer Lawrence which was given after he referred to the previously undisclosed "Blue Paper"; and (4) prosecutorial misconduct occurred when the Commonwealth permitted Officer Lawrence to give perjured testimony regarding the "Blue Paper".

Respondent's initial argument is that Rankin failed to exhaust his state court remedies with respect to "several of the claims he now raises for habeas review." Doc. 9, p. 11. Specifically, Respondent asserts that the argument (Claim # 3) that Petitioner's counsel failed to adequately cross-examine Officer Lawrence at trial was never raised on either direct appeal or in Petitioner's PCRA action. See id. at p. 12.

Respondent further maintains that Rankin's prosecutorial misconduct argument (Claim # 4) which is based upon the Commonwealth's alleged introduction of false testimony by Officer Lawrence was likewise not presented before any Pennsylvania state

court. Accordingly, Respondent argues that the petition should be dismissed because it includes non-exhausted claims. See id.[7] The non-exhaustion argument is unopposed.[8]

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). The Third Circuit Court of Appeals has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

---

[7] Respondent is apparently conceding that the ineffective assistance of trial counsel claims pertaining to the motion in limine (Claim # 2) and for failure to seek a mistrial as to the weight of the marijuana (Claim # 1) were included in Rankin's PCRA appeal and therefore exhausted. See Doc. 9, p. 9.

[8] Petitioner has not submitted a reply to Respondent's response.

5

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion,

6

the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

Based upon a review of the Superior Court's September 11, 2009 decision addressing Petitioner's PCRA action, it is apparent that Rankin raised claims that trial counsel was deficient for not objecting to or seeking preclusion of Officer Lawrence's testimony which was given after he removed handwritten notes,["Blue Paper"] from his pocket. Accordingly, those arguments have been properly exhausted. See Doc. 2-6, Exhibit F, p. 8. However, there is no indication that Petitioner specifically raised a related claim (Claim # 3) that trial counsel also erred by failing to adequately cross examine Officer Lawrence at trial.[9]

Petitioner also raises a prosecutorial misconduct claim (Claim # 4) based upon his contention that the Commonwealth

---

[9] The Superior Court stated that Lawrence's handwritten notes were not introduced into evidence, the witness did not use the notes to aid his recollection, and Petitioner's trial counsel inspected the notes during a recess. However, the Superior Court did not specifically address any failure by trial counsel to cross-examine Lawrence or indicate that it had been presented with any such claim.
  In light of that absence and Petitioner's failure to respond to the non-exhaustion argument, this Court cannot competently say that the substance of Claim # 3 was presented to the Superior Court.

allowed the introduction into evidence of a perjured statement by Officer Lawrence. Based upon a review of the record, there is no indication that the substance of any prosecutorial misconduct argument was presented before the Superior Court. It is again noted that Rankin has not argued that the substance of this argument was properly exhausted or that he should be excused from compliance with the exhaustion requirement.

Since it presently appears that the substance of Petitioner's claims of failure to cross-examine Officer Lawrence and prosecutorial misconduct were not asserted on either direct appeal or via a PCRA action, those arguments will be deemed unexhausted. Hence, this Court has been presented with a mixed petition, one containing exhausted and unexhausted claims.

The Third Circuit Court of Appeals addressed this not so uncommon plight facing many would be habeas filers in Crews. In Crews, the petitioner filed a timely but mixed federal habeas corpus petition, and during the pendency of that petition, filed a second PCRA petition, which would address the unexhausted claims presented in his habeas petition.[10]

Viewing Crews' § 2254 petition as a mixed petition, the district court dismissed it without prejudice to allow Crews the opportunity to exhaust his state court remedies. Crews appealed the dismissal, arguing that his action should have been held in abeyance while he attempted to exhaust his claims in state court because he may be time barred from returning to federal court due

---

[10] There is no indication that Rankin has initiated a second PCRA action regarding his two pending unexhausted claims.

8

to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The Third Circuit Court of Appeals found that, unless Crews could demonstrate an entitlement to equitable or statutory tolling, any new § 2254 petition he filed would be untimely. Crews, 360 F.3d at 153. To avoid such an unfair result, the Court of Appeals determined that:

> [W]hen an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action. If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.

Id. at p. 154 (internal citations omitted).

A subsequent decision by the Court of Appeals, Brinson v. Vaughn, 398 F.3d 225, 232 (3d Cir. 2005), stated that when presented with a mixed habeas petition, a district court should afford a petitioner his choice of either returning to state court to exhaust his claims or of amending his habeas petition to present only unexhausted claims.

Based upon an application of the standards developed in Crews and Brinson, Rankin will be granted thirty (30) days from the date of this Memorandum and Order in wish to file a written

notice with this Court. Therein Petitioner may elect to proceed with one of the following three alternatives:

1. Provide demonstration that he has exhausted his state remedies regarding his claims of failure to cross-examine Officer Lawrence and prosecutorial misconduct or that he is entitled to be excused from the exhaustion requirement with those arguments; or

2. Notify this Court that he wishes to withdraw his request for federal habeas review of his two pending unexhausted claims with the understanding that by proceeding only with his exhausted claims (Claims # 1 & 2) he may be precluded from obtaining future federal habeas review of his unexhausted arguments; or

3. Show that he has initiated a request for state court review of his two unexhausted claims and wishes that disposition of his pending action be held in abeyance pending the outcome of those state court proceedings.

Failure of Petitioner to file a response to this Order in accordance with the three (3) options outlined above will result in dismissal without prejudice of his mixed petition. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 7th DAY OF DECEMBER, 2011, IT IS HEREBY ORDERED THAT:

1. Within thirty (30) days from the date of this Memorandum and Order, Petitioner shall file and serve a written notice adhering to the standards set forth herein and which clearly elects to proceed under one of the three (3) alternatives outlined above.

2. Failure of Petitioner to file a timely and appropriate response to this Memorandum and Order in accordance will result in dismissal without prejudice of Rankin's mixed petition.

*/s/ Richard P. Conaboy*
RICHARD P. CONABOY
United States District Judge

FILED
SCRANTON

DEC 07 2011

PER _____
DEPUTY CLERK