IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. RANKIN, JR.,            :
                                  :
          Petitioner              :
                                  :
     v.                           :     CIVIL NO. 3:CV-09-2062
                                  :                          **FILED**
JAMES J. McGRADY,                 :     (Judge Conaboy)      **SCRANTON**
                                  :
          Respondent              :                          JAN **1 7** 2012

PER_____ _____

DEPUTY CLERK

## MEMORANDUM
## Background

     Thomas R. Rankin, Jr., an inmate presently confined at the

Retreat State Correctional Institution, Hunlock Creek,

Pennsylvania (SCI-Retreat), filed this pro se petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  Service of the

petition was previously ordered.

     Petitioner was convicted of criminal attempt to possess

marijuana with intent to deliver following a jury trial in the

York County Court of Common Pleas.[1]  Rankin was sentenced on June

27, 2007 to an eighteen (18) to thirty-six (36) month term of

incarceration.  His conviction and sentence were affirmed on

direct appeal by the Pennsylvania Superior Court.  See

Commonwealth v. Rankin, 959 A.2d 972 (Pa. Super. 2008).

     The initial claim raised in Rankin's pending action

contends that trial counsel provided ineffective assistance by

_____

     [1]  Petitioner was acquitted of criminal attempt to commit
possession of cocaine with intent to deliver.

1

not objecting (or seeking a mistrial) to the introduction of evidence at trial as to the weight of the marijuana as being 2.5 pounds as opposed to the weight of 2.5 ounces listed in the affidavit of probable cause which led to his arrest.  Petitioner adds that due to said failure, counsel failed to preserve that issue (and a related argument relating to the denial of the motion in limine) for appeal.[2]

Petitioner next argues that counsel was deficient for failing to either object to, cross examine, or otherwise impeach trial testimony by Officer Larry Lawrence of the York Police Department which was given after he "removed from his person a piece of 'Blue paper.'"[3] Doc. 2, p. 6.  Rankin maintains that Lawrence's testimony should have been precluded because the "Blue Paper" contained information which was not provided during discovery.  Petitioner's final argument for relief alleges that prosecutorial misconduct occurred when the Commonwealth permitted introduction of a perjured statement by Officer Lawrence.[4]

---

[2]   The gist of Petitioner's argument is that the introduction of evidence that the amount of marijuana at issue was 2.5 pounds precluded him from pursuing a defense that the marijuana was for personal use.

[3]   While testifying, Officer Lawrence pulled a blue paper from his shirt pocket which contained handwritten notes to aid his testimony.  It is alleged that this so called Blue Paper was not produced by the Commonwealth during discovery.

[4]   According to Rankin, Officer Lawrence falsely testified that he had shown the Blue Paper to defense counsel prior to giving his testimony.

2

By Memorandum and Order dated December 7, 2011, this Court addressed Respondent's unopposed argument that Rankin failed to exhaust his state court remedies with respect to "several of the claims he now raises for habeas review."  Doc. 9, p. 11. Therein, this Court concluded that Rankin's contention (Claim # 3) that Petitioner's counsel failed to adequately cross-examine Officer Lawrence at trial as well as Petitioner's prosecutorial misconduct argument (Claim # 4) which is based upon the Commonwealth's alleged introduction of false testimony by Officer Lawrence had not been presented before any Pennsylvania state court and were therefore unexhausted.

Based upon an application of the standards announced in Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) and Brinson v. Vaughn, 398 F.3d 225, 232 (3d Cir. 2005) to the determination that Rankin had submitted a mixed petition, one containing exhausted and unexhausted claims, the December 7, 2011 Memorandum and Order granted Rankin thirty (30) days in which to file a written notice with this Court.  Therein, Petitioner was directed to elect one of three alternatives:

> 1. Provide demonstration that he has exhausted his state remedies regarding his claims of failure to cross-examine Officer Lawrence and prosecutorial misconduct or that he is entitled to be excused from the exhaustion requirement with those arguments; or

3

2.    Notify this Court that he wishes to withdraw his request for federal habeas review of his two pending unexhausted claims with the understanding that by proceeding only with his exhausted claims (Claims # 1 & 2) he may be precluded from obtaining future federal habeas review of his unexhausted arguments; or

3.    Show that he has initiated a request for state court review of his two unexhausted claims and wishes that disposition of his pending action be held in abeyance pending the outcome of those state court proceedings.

The Memorandum and Order specifically forewarned Petitioner that failure to file a response in accordance with the three (3) options outlined above would result in dismissal without prejudice of his mixed petition.  See Doc. 12, p. 10.

## Discussion

If a litigant fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).  In a similar case, the Court of Appeals for

4

the Third Circuit recognized that a district court "has the
authority to dismiss a suit <u>sua</u> <u>sponte</u> for failure to prosecute
by virtue of its inherent powers and Federal Rule of Civil
Procedure 41(b)" when a litigant fails to comply with a court
order directing him to file an amended complaint.  <u>See</u> <u>Azubuko v.</u>
<u>Bell National Organization</u>, 243 Fed. Appx. 728, 729 (3d Cir.
2007).

　　　　The Court of Appeals for the Third Circuit in <u>Poulis</u> set
forth six (6) factors which must be considered in determining
whether to dismiss an action with prejudice for failure to
prosecute:  (1) extent of the party's personal involvement; (2)
prejudice to the opposing party by the dilatoriness; (3) whether
a history of dilatoriness existed; (4) whether the dilatoriness
was wilful and in bad faith; (5) possible effectiveness of
alternative sanctions; and (6) the merit of the claim or defense.
<u>See</u> <u>Adams v. Trustees, NJ Brewery Trust Fund</u>, 29 F.3d 863 (3d
Cir. 1994).

　　　　Based upon an application of the <u>Poulis</u> factors, adequate
grounds have been established for the extreme sanction of
dismissal.[5]  This conclusion is premised on the following
considerations: (1) Petitioner is personally responsible for the
failure to submit an election as mandated by this Court's

---

[5]  Although <u>Azubuko</u>, 243 Fed. Appx. at 729, recognizes a
"balancing under <u>Poulis</u> is unnecessary" in cases such as the
present matter where a litigant's conduct makes adjudication of the
case impossible, other Third Circuit decisions indicate that the
<u>Poulis</u> analysis should be undertaken.  <u>See</u> <u>Hernandez v. Palakovich</u>,
293 Fed. Appx. 890, 894 (3d Cir. 2008) (<u>Poulis</u> factors must be
considered before dismissing a case as a sanction for failure to
follow a court order).

December 7, 2011 Memorandum and Order and as required under <u>Crews</u> and <u>Brinson</u>; (2) the failure of Petitioner to make any filings whatsoever in response to the December 7, 2011 Order supports a finding of dilatoriness and wilful conduct; (3) the obvious prejudice to the Respondent in having to address claims that are now over two years old; and (4) other sanctions are not a viable alternative since this action cannot proceed without the submission of a proper response by Rankin.

In conclusion, Petitioner's failure to submit a response as directed by this Court's December 7, 2011 Order warrants dismissal of his action under <u>Azubuko</u> and <u>Poulis</u>. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JANUARY /7 , 2012